**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

—————————————————————
                                                              :
ERIC BAYDA,                                                   :         Case No. 2:18-cv-17419-BRM-JAD
                                                              :
                        Plaintiff,                            :
                                                              :
             v.                                               :
                                                              :                     **OPINION**
HOWMET CASTINGS & SERVICES, et al.,:
                                                              :
                        Defendants.                           :
—————————————————————          :

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Defendants Howmet Castings & Services, Inc. ("Howmet") and
Arconic, Inc.'s ("Arconic") (collectively, "Defendants") Motion to Dismiss Plaintiff Eric
Bayda's ("Bayda") Amended Complaint (the "Amended Complaint") pursuant to Federal Rule
of Civil Procedure 12(b)(6). (ECF No. 23.) Bayda opposes the Motion. (ECF No. 25.)
Defendants filed a Reply. (ECF No. 28.) Having reviewed the submissions filed in connection
with the motions and having declined to hold oral argument pursuant to Federal Rule of Civil
Procedure 78(b), for the reasons set forth below and for good cause appearing, Defendants'
Motion to Dismiss the Amended Complaint is **GRANTED**.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

   **A. Original Complaint[1]**

Bayda, a resident of Tatamy, Pennsylvania, was employed by Schutz Container Systems Inc. ("Schutz") when he interviewed for a human-resources position at Howmet in November 2016. (ECF No. 1 ¶¶ 1, 26.) Bayda was interested in working for Howmet, of Michigan, because its "corporate predecessor, [aluminum maker Alcoa, Inc.],[2] was a 'cutting edge' company with a welcoming culture." (*Id.* ¶ 14.) During initial meetings with Defendants, Bayda interviewed with "Tera Grinnell, a Director of Human Resources." (*Id.* ¶ 15.) In this interview, Bayda was told the human-resources manager job was open because the prior holder of the position, Pilar Gilgorri ("Gilgorri"), "had decided to step down for 'personal reasons.'" (*Id.* ¶ 17.) More specifically, Bayda was told Gilgorri "was 'at a stage in her life where she did not need the stress of a manager's job.'" (*Id.* ¶ 18.) When asked if he would have a problem working as a supervisor of his predecessor, Bayda said he would not. (*Id.* ¶¶ 19, 20.)

During a second round of interviews in December 2016, Bayda met with a variety of personnel at Defendants' Dover, New Jersey, plant including Gilgorri, Plant Manager William Miley ("Miley"), and Global Human Resources Director Rebecca Reid ("Reid"). (*Id.* ¶¶ 21, 22.) In the interview with Reid, Bayda again was asked if he "would be okay with Gilgorri continuing

---

[1] For the purposes of this Motion, the Court accepts the factual allegations in the Amended Complaint as true and draws all inferences in the light most favorable to the Plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Furthermore, the Court considers any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Dig. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

[2] Howmet Casting is a subsidiary of Arconic Inc. (*See* Corp. Discl. Statement (ECF No. 13).) Arconic, a Delaware corporation based in New York, was split off from Alcoa, Inc., in 2016. (*See* Alcoa 9-29-2016 News Release, available at https://news.alcoa.com/press-release/alcoa-inc-board-directors-approves-separation-company (last checked July 31, 2020).)

to work in the Human Resources Department reporting to him." (*Id.* ¶ 23.) Bayda confirmed this would not be a problem. (*Id.* ¶ 24.)

On January 3, 2017, Bayda accepted an offer to become Human Resources Manager at Defendants' Dover, New Jersey plant, reporting to Miley. (*Id.* ¶ 25.) Bayda resigned from Schultz on January 6, 2017, and began working for Defendants on January 24, 2017. (*Id.* ¶¶ 26, 27.) On January 31, 2017, Grinnell told Bayda the real reason Gilgorri stepped down from the manager's position: it was part of a settlement of her harassment complaint against Miley under which she would step down but receive the same salary she received as a Human Resources Manager as well as a retention bonus. (*Id.* ¶¶ 29-32.) On October 11, 2017, Bayda was let go because "it was not working out" and he could "not make changes fast enough." (*Id.* ¶ 35.) Bayda had no indication before October 11, 2017, his job was in jeopardy. (*Id.* ¶ 36.)

Bayda alleged Defendants committed "fraud in the omission" when they failed to tell him the real reason the Human Resources Manager post was open. (*Id.* ¶¶ 37-38.) Moreover, Bayda contends this silence was intentional because Defendants "knew, suspected, or had reason to know or suspect that Bayda would not have accepted the job offer and resign from his previous employment had he been informed of the true reason why Gilgorri had stepped down." (*Id.* ¶¶ 39-42.) Defendants committed fraud by misrepresentation, Bayda alleges, when they said Gilgorri stepped down for "personal reasons," though they knew her stepping down was a condition of the settlement of her harassment complaint against Miley. (*Id.* ¶¶ 43-46.) This also was done, Bayda claims, with an intent that Bayda would rely on this misrepresentation. (*Id.* ¶ 44.) Bayda says he reasonably relied on these misrepresentations and omissions of fact and that, "as a direct and proximate result of Plaintiff's reasonable reliance on Defendants'

misrepresentations and omissions of fact[,] . . . Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages." (*Id.* ¶¶ 40, 50.)

On December 19, 2018, Bayda filed the original Complaint against Defendants alleging one count of "Fraud and Misrepresentation" and seeking compensatory and punitive damages for past and future lost wages, emotional distress, mental anguish and loss of life's pleasures, among other relief. (*Id.* at 8.)

### B. First Motion to Dismiss

On March 25, 2019, Defendants filed a Motion to Dismiss the Complaint. (ECF No. 6.) In an Opinion dated October 31, 2019, the Court granted the Motion as to its fraud-in-the-omission claim, finding there was no duty to disclose the harassment complaint, and as to its fraud-by-misrepresentation claim, determining Bayda did not plead that Grinnell knew about the harassment situation when she told him Gilgorri had stepped down for personal reasons. (ECF No. 19.) The Court granted Bayda's application for leave to amend the Complaint. (*Id.*)

### C. The Amended Complaint

Plaintiff filed an Amended Complaint on December 2, 2019. (Am. Compl. (ECF No. 21.)) The Amended Complaint is largely duplicative of the original Complaint, with several additions. Among other things, Bayda now alleges Grinnell knew during his November 2016 interview that Gilgorri's harassment complaint against Miley was the real reason she stepped down as Human Resources Manager. (*Id.* ¶ 40.) Bayda also now alleges Grinnell knew her statement to him that Gilgorri had stepped down for personal reasons "was misleading and a misrepresentation of a fact." (*Id.* ¶ 42.) Similarly, Bayda now alleges Grinnell knew her statement that Gilgorri stepped down because she didn't want the stress of the manager's position was misleading and a misrepresentation of a fact. (*Id.* ¶ 43.) Bayda alleges he would not

4

have accepted the job offer from Defendants had he known about the circumstances of Gilgorri's

stepping down. (*Id.* ¶ 58.) Finally, Bayda now alleges that any fraud is linked to his damages

because supervising Gilgorri while also "initially report[ing] to Miley" created "substantial

difficulties" for him to "meet[] his own objectives, and carry[] out his responsibilities." (*Id.*

¶¶ 34, 39.)

### D.  Second Motion to Dismiss

Defendants filed this Motion to Dismiss the Amended Complaint on December 16, 2019.

(ECF No. 23.) Defendants argument remains essentially unchanged, that the Amended

Complaint's fraud-in-the-omission claim should be dismissed because Defendants had no duty to

disclose the facts of the Gilgorri situation, while the fraud-by-misrepresentation claim should be

dismissed because there was no misrepresentation, while any alleged omission or

misrepresentation was not material and caused no damage. (Defs.' Br. in Sup. of Mot. (ECF No.

23-1) at 2.) Bayda filed his opposition on January 21, 2020. (ECF No. 25.) Defendants filed a

Reply on February 4, 2020, after receiving an extension to the deadline. (ECF Nos. 27, 28.)

## II.   LEGAL STANDARD

### A.  Rule 12(b)(6)

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a

district court is "required to accept as true all factual allegations in the complaint and draw all

inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips v. Cty. of

Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion

to dismiss does not need detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 555 (2007) (citations omitted).   However, the plaintiff's "obligation to provide the

'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a probability requirement.'" *Id.* (quoting *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). However, courts are "not compelled to accept 'unsupported conclusions and unwarranted inferences,'" *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (quoting *Schuylkill Energy*

6

*Res. Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997)), nor "a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286.

While, as a general rule, the court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held that "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Dig. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

### B.  Rule 9(b)

Pursuant to Fed. R. Civ. P. 9(b), when alleging fraud, "a party must state with particularity the circumstances constituting fraud or mistake, although intent, knowledge, and other conditions of a person's mind may be alleged generally." *In re Lipitor Antitrust Litig.*, 868 F.3d 231, 249 (3d Cir. 2017) (citations omitted); *see also U.S. ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 307 (3d Cir. 2016) (holding that a "plaintiff alleging fraud must . . . support its allegations with all of the essential factual background that would accompany the first paragraph of any newspaper story—that is, the who, what, when, where and how of the events at issue") (citations omitted). Accordingly, "a party must plead [its] claim with enough particularity to place defendants on notice of the 'precise misconduct with which they are charged.'" *United States ex rel. Petras v. Simparel, Inc.*, 857 F.3d 497, 502 (3d Cir. 2017) (quoting *Lum v. Bank of Am.*, 361 F.3d 217, 223-24 (3d Cir. 2004), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Still, while "fraud

claims are subject to the strictures of Rule 9(b), courts within this district have held that the heightened pleading standard 'is somewhat relaxed in a case based on a fraudulent omission.'" *Schechter v. Hyundai Motor America*, 2019 WL 3416902, at *9 (D.N.J., 2019) (citing *Montich v. Miele USA, Inc.*, 849 F. Supp. 2d 439, 451 (D.N.J. 2012); *Weske v. Samsung Elecs., Am., Inc.*, 42 F. Supp. 3d 599, 614 (D.N.J. 2014).

### III.   DECISION

Defendants argue the Amended Complaint should be dismissed because Bayda's fraud claim fails as a matter of fact and of law. Defendants contend the fraud-in-the-omission claim fails as a matter of law because Defendants did not owe a duty to disclose that Gilgorri stepped down as a result of her filing of a harassment complaint against a plant manager at the company (ECF No. 23-1 at 1.) Defendants maintain the fraud-by-misrepresentation claim fails because there was no misrepresentation as Gilgorri did step down for "personal reasons" related to feeling harassed. (*Id.*) Additionally, Defendants argue, the Amended Complaint "still fails to establish how another employee's harassment complaint provides a causal link to [Bayda's] economic and non-economic damages that purport to flow from the termination of his employment." (*Id.*) Instead, Defendants maintain, Bayda's "generic reference that the harassment complaint created 'substantial difficulties' for [Bayda] during his employment is so vague that it hardly satisfied the heightened pleading standard for fraud." (*Id.*)

Bayda brings his one-count Amended Complaint claiming fraud both in the omission and by misrepresentation. To state a claim of fraud under New Jersey's common law, Bayda must show: (1) Defendants knowingly made a material misrepresentation; (2) Defendants intended Bayda to rely on the misrepresentation; (3) Bayda reasonably relied on the misrepresentation; and (4) resulting damages. *United States ex rel. Doe v. Heart Sol., PC*, 923 F.3d 308, 318 (3d

Cir. 2019) (citing *Banco Popular N. Am. v. Gandi*, 876 A. 2d 253, 260 (N.J. 2005).) The Court's inquiry begins with an examination of Bayda's claim of fraud by omission.

### A. Fraud by Omission

In the October 31, 2019, Opinion, this Court dismissed the fraud-in-the-omission claim on two grounds: that there is no duty to disclose as contemplated by *Argabright v. Rhee Mfg. Co.,* 201 F. Supp. 3d 578, 603 (D.N.J. 2016), so Defendants were under no obligation to reveal the existence of Gilgorri's harassment complaint to Bayda during the hiring process, and second, even if that duty existed, Bayda had failed to plead fraud with the particularity required Rule 9(b). (ECF No. 19 at 13 (citing *Toner v. Allstate Ins. Co.*, 829 F. Supp. 695, 705 (D. Del. 1993) (citing *Christidis v. First Pa. Mortgage Trust,* 717 F.2d 96, 99 (3d Cir. 1983)).) Specifically, Bayda's Complaint did not even plead that a duty to disclose existed.

In his Amended Complaint, Bayda now alleges Defendants had a duty to disclose to Bayda the fact of Gilgorri's harassment complaint against the plant manager. (*See* ECF No. 19 ¶ 49.) Bayda also now alleges Grinnell knew at the time of Plaintiff's November interview that Gilgorri's harassment complaint "was the true cause of her stepping down from the Human Resources Manager position" (*id.* ¶ 40) and knew that this "would have been material to Plaintiff's decision to accept employment with Defendants." (*Id.* ¶ 41.)

Defendants argue Bayda's Amended Complaint should be dismissed because this Court already has determined a duty to disclose did not exist and because the fraud claim has not been pleaded with the particularity required by Rule 9(b). (*Id.* at 8 (citing *SalandStacy Corp. v. Freeney*, No. 11-3439, 2012 WL 3638696, at *3 (D.N.J. Aug. 22, 2012).) Specifically, Defendants maintain Bayda's claim that Grinnell knew her statements were false (*see* ECF No. 19 ¶¶ 40-43) lack facts "to inject some measure of substantiation into such conclusory

statements." (ECF No. 25 at 8 (quoting *SalandStacy*, 2012 WL 3638696, at 13).)

The Court agrees. Bayda counters that Plaintiff must plead only a plausible inference that Defendants owed a duty to disclose Gilgorri's harassment complaint to Bayda, which he believes the Amended Complaint does, for the fraud-in-the-omission claim to survive a motion to dismiss. (ECF No. 25 at 7.) Plaintiff misconstrues the pleading requirements.

The question of whether a duty exists is a matter of law. *United Jersey Bank v. Kensey*, 704 A.2d 38, 43 (App. Div. 1997) (citing *Carter Lincoln–Mercury, Inc. v. EMAR Group, Inc.,* 638 A.2d 1288 (1994) (quoting *Wang v. Allstate Ins. Co.,* 592 A.2d 527 (1991)). In *Argabright*, a U.S. District Court for the District of New Jersey held that recovery for fraud in the omission "requires proof that [the] defendant was *legally obligated to disclose* [the information]." 201 F. Supp. 3d at 603 (citing *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1185 (3d Cir.1993) (emphasis added) (citing *Viviano v. CBS, Inc.*, 251 N.J. Super. 113, 597 A.2d 543, 548 (N.J. Super. Ct. App. Div. 1991)); see also *Berman v. Gurwicz*, 189 N.J. Super. 89, 458 A.2d 1311, 1313–14 (N.J. Super. Ct. Ch. Div.1981)). As the *Argabright* Court stated:

> "For a duty to disclose to arise, one party must 'expressly repose[] a trust and confidence in the other; or else from the circumstances of the case, the nature of their dealings, or their position towards each other, such a trust and confidence in the particular case [must be] necessarily implied."

*Argabright*, 201 F. Supp. 3d at 603.

Bayda makes two arguments, neither of which is persuasive. The Court addresses them in turn.

First, Bayda alleges a duty to disclose existed because he "reposed a trust and confidence in Defendants." (ECF No. 22 ¶¶ 26, 27.) However, Bayda does not provide any allegations that establish this alleged relationship of trust and confidence, nor are there any facts alleged to

suggest Defendants did anything to encourage Bayda to "repose" such trust and confidence in them. "The mere fact that Plaintiff trusted and relied on Defendant 'is insufficient to show a special relationship requiring a duty to disclose.'" *Argabright*, 201 F. Supp. 3d at 603 (citing *Stevenson v. Mazda Motor of Am., Inc.*, No. 14–5250, 2015 WL 3487756, at *9 (D.N.J. June 2, 2015)).

Second, Bayda argues his pleading burden is to show only that there exists a plausible inference that a relationship of "implicit trust" between the parties that would give rise to a duty to disclose. However, his plausible inference relies only on the conclusory allegation that he implicitly trusted Defendants. Even without examining this argument applying the heightened pleading requirements of Rule 9(b) for fraud, the Court determines the Amended Complaint has not sufficiently pleaded fraud in the omission. Bayda's obligation in the Amended Complaint was to provide more than a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555. For its part, this Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. In alleging that he reposed implicit trust in Defendants without supporting that statement with additional facts establishing this "implicit trust," Bayda has done precisely what *Twombly* warns against. Therefore, Defendants' Motion to Dismiss the fraud-in-the-omission claim is **GRANTED**.

### b. Fraud by Misrepresentation

In the October 31, 2019 Opinion, this Court dismissed the fraud-by-misrepresentation claim because Bayda did not plead Grinnell knew during her November 2016 interviews with Plaintiff that Gilgorri had stepped down as a condition of the settlement of her harassment complaint, nor had he sufficiently pleaded that he reasonable relied on Grinnell's alleged misrepresentation, nor that any claimed damages were related to the alleged misrepresentation.

(ECF No. 19.) In his Amended Complaint, Bayda now alleges Grinnell knew during those November 2016 interviews about Gilgorri's reason for stepping down (ECF No. 19 ¶¶ 40-43), that he reasonably relied on Grinnell's alleged misstatements (*id.* ¶ 62, 70) and that the alleged misrepresentations are related to his claimed damages. (*Id.* ¶ 39 (Alleging that working at a job he accepted on the basis of Grinnell's misrepresentations put him between the plant manager and Gilgorri, "creating substantial difficulties for [Bayda] in supervising Gilgorri, meeting his own objectives, and carrying out his responsibilities")

Bayda again argues the Amended Complaint pleads a plausible inference that Defendants committed fraud by misrepresentation. (*Id.* at 11-13.) Bayda further argues Defendants' position that Grindell's statement that Gilgorri stepped down for personal reasons is susceptible to more than one meaning while also insisting that this comment is not a false statement inappropriately seeks to have this Court draw inferences from the factual allegations of the Amended Complaint in favor of Defendants and not Bayda, as called for by Rule 12(6)(b) case law. (*Id.*) Finally, Bayda maintains the Amended Complaint links the alleged fraud that resulted in his acceptance of Defendants' job offer to his damages by stating that his position placed him between the harassing plant manager and the harassed subordinate created substantial difficulties for him to carry out his responsibilities and meet expectations. (*Id.* at 15.)

Defendants reply that Bayda's misrepresentation claim actually is a thinly disguised omission claim and should be dismissed because Defendants owed no duty to disclose the full reason Gilgorri stepped down. (Defs.' Reply (ECF No. 25) at 6.)

The Court concludes again that Bayda has not met the sufficiency for pleading a fraud-by-misrepresentation claim required by either Rule 9(b) or Rule 8.

Bayda alleges Grinnell knew her statements were misrepresentations when they were

made in his November 2016 interviews. However, Bayda nowhere provides in the Amended Complaint any facts to substantiate his allegations about Grinnell's knowledge. "When the alleged fraud is based on misrepresentation or false statements, it is not enough to merely allege that defendants knew or must have known that their statements were false. Instead, plaintiffs must support their allegations with specific facts that lay out the 'who, what, where, when, and how.'" *SalandStacy*, 2012 WL 3638696, at *3 (citing *In re Great Atlantic & Pacific Tea Co., Inc. Sec. Litig.,* 103 F. App'x 465, 469–70 (2004)) (citations omitted).

Bayda's allegation that Grinnell knew her statements were misleading "are insufficient to meet the [Rule] 8(a) pleading standard inasmuch as [Bayda has] alleged *no facts* to inject some measure of substantiation into such conclusory statements." *SalandStacy*, 2012 WL 3638696, at *4 (citing *Iqbal,* 556 U.S. at 678) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")). Additionally, Rule 9(b) requires that to plead the knowledge element of a fraud claim Bayda may not rest on a bare inference that Defendant knew or must have known her statements were misleading. *SalandStacy*, 2012 WL 3638696, at *4 (citing *In re Suprema Specialties, Inc. Sec. Litig.,* 438 F.3d 256, 282 (3d Cir. 2006) and *United States, ex rel. PileckiSimko v. Chubb Institute,* 443 F. App'x 754, 760–61 (3d Cir. 2011) (finding insufficient facts to support element of knowledge where the complaint alleged, generally, that "Chubb . . . knowingly uses . . . false records or statements").

Therefore, "[i]n the absence of any supporting facts, [Bayda's] allegations are simply legal conclusions and thus do not benefit from the presumption of truth." *SalandStacy*, 2012 WL 3638696, at *4 (citing *Iqbal*, 556 U.S. at 679, and *PileckiSimko,* 443 F. App'x at 760–61. Accordingly, it is clear to the Court that, because Bayda has not supported his allegation of Grinnell's knowledge with any supporting facts, the Amended Complaint does not state a claim

13

of misrepresentation for which relief can be granted. Therefore, Defendants' Motion to Dismiss the fraudulent misrepresentation claim is **GRANTED**.

Bayda requests, in the event Defendants' Motion is granted, that the Court give Bayda leave to file a second Amended Complaint. (ECF No. 25 at 19.) Bayda cites Fed. R. Civ. P. 15(a), pursuant to which "leave [to amend] shall be freely given when justice so requires." (*Id.*)

Defendants counter that leave to amend should be denied as, "at a certain point, the futility of Plaintiff's fraud claim must be recognized." (ECF No. 25 at 13.) Defendants argue that, because the Amended Complaint failed to state a claim for which relief should be granted, the Motion to Dismiss should be granted with prejudice. (*Id.* (citing *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984) (Leave to amend should be denied where the amendment fails to state a cause of action.) (citations omitted).)

A district court generally grants leave to correct deficiencies in a complaint by amendment. *See DelRio-Mocci v. Connolly Properties Inc.*, 672 F.3d 241, 251 (3d Cir. 2012); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). However, Bayda already has been provided with one opportunity to cure pleading deficiencies in his claims. As the foregoing makes clear, Bayda attempted to cure those deficiencies with conclusory statements, and his cures fail. Because Bayda failed to "allege any facts—*whatsoever*—in support of the theory that Defendants knew that the statements made to the Plaintiffs were false, the Court finds any future amendments of this claim—which *requires* the element of knowledge—to be futile." *SalandStacy*, 2012 WL 3638696, at *5 n.4. Accordingly, Defendants' Motion to Dismiss is **GRANTED with prejudice** and Bayda's request for leave to file a second amended complaint is **DENIED**.

### IV.  CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is **GRANTED** and the Complaint is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. Bayda's request for leave to file a second Amended Complaint is **DENIED**. An appropriate Order follows.


**Date: July 31, 2020**                    */s/ Brian R. Martinotti*
                                          **HON. BRIAN R. MARTINOTTI**
                                          **UNITED STATES DISTRICT JUDGE**